UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER A. STANTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-470-JD-MGG |
| ROBERT E. CARTER, JR., et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher A. Stanton, a prisoner without a lawyer, filed this lawsuit against Sergeant Joshua Robinson and Sergeant Christopher Saulnier alleging that they sexually assaulted him on March 6, 2020. He has also sued Commissioner Robert E. Carter, Jr., Superintendent John Galipeau, and Mark Levenhagen because he told them about the sexual assaults, and they took no action in response to his reports. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stanton indicates that he filed two informal grievances about the sexual assaults, but that he did not finish the grievance process because the superintendent said that he

did not believe Stanton's allegations. ECF 1 at 5. In short, Stanton concluded that the process was pointless. Prisoners, however, are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. at 525. Even if Stanton believed that submitting a timely formal grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole*, 438 F.3d at 809. Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been

exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535. Stanton admits in his complaint that he did not exhaust his administrative remedies before filing suit. Therefore, this case cannot proceed. If Stanton can exhaust his administrative remedies, he may file a new lawsuit.

Stanton also filed a motion for preliminary injunction. ECF 10. Because he cannot proceed on his claims, the motion for preliminary injunction must be denied.

For these reasons, Christopher A. Stanton's motion for preliminary injunction (ECF 10) is DENIED, and this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on February 18, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT